# Leonard v. The State.

## Burglary.

(Decided March 2nd, 1907.  43 So. Rep. 214.)

1. *Burglary; Evidence; Criminating Circumstances.*—It was permissible for the state to show, on a trial for burglary of a railroad car, that tracks of a man were found on the ground near the car.

2. *Same.*—It having been shown that part of the goods which were stolen were found in the mine where defendant worked and the evidence tended to show flight of the defendant immediately after the goods were discovered, it was permissible to show that the defendant was a married man, and that he did not carry his family away with him but sent for them afterwards.

3. *Criminal Law; Trial; Instructions; Burden of Proof.*—A charge asserting that before the defendant should be convicted the law requires that his guilt be fully proven exacts a too high degree of proof and is properly refused.

4. *Same; Reasonable Doubt.*—A charge is properly refused which asserts that if there is reasonable possibility of defendant's innocence, from the evidence the jury should acquit.

5. *Same.*—A charge is argumentative which asserts that it is not necessary to a reasonable doubt that the jury should be able to give a reason therefor.

6. *Same; Instructions Covered by Those Given.*—It is not error to refuse requested instructions substantially covered by instructions already given.

7. *Same; Confused Instructions.*—An instruction that if the jury did not believe the evidence in the case they should find the defendant not guilty was properly refused as obscure.

8. *Same; Reasonable Doubt.*—An instruction is erroneous and properly refused which asserts that if the jury have a reasonable

doubt as to any material facts in the case, growing out of the evidence, they should find the defendant not guilty.

9. *Same.*—A charge asserting that a probability that some person may have entered the car and taken the goods in question, is sufficient to create a reasonable doubt of the defendant's guilt, is not good and its refusal proper.

10. *Same; Doubt of Individual Juror.*—A charge asserting that if any individual juror is not convinced of the defendant's guilt beyond a reasonable doubt the jury cannot convict is a proper statement of the law and its refusal error.

11. *Same; Affirmative Charge.*—Where there is evidence sufficient to authorize the jury to convict the defendant the affirmative charge is properly refused.

12. *Same; Argumentative Instructions.*—Instructions asserting no proposition of law but being a mere argument are properly refused.

APPEAL from Walker Law and Equity Court.

Heard before Hon. T. L. SOWELL.

Joe Leonard was convicted of burglary, and appeals. Reversed and remanded.

The defendant was indicted for burglary of a railroad car, the property of the Southern Railway Company, a corporation, upon or connected with a railroad in this state in which goods, merchandise, or furniture, things of value, were kept for use, deposit, or transportation. Demurrers were filed to the indictment, as follows: "(1) It fails definitely to charge any offense. (2) It lays the kind or species of property in the alternative, which is alleged to have been taken, and each alternative alleged does not follow, the statute. (3) It charges the species of property alleged to have been taken in the alternative, and one alternative averment is not within the statute. (4) It alleges that the property was taken from a railroad car, the property of the Southern Railway Company, a corporation, but fails to charge whether or not the corporation was a foreign or domestic corporation. (5) The indictment alleges that the railroad car was the property of the Southern Railway Company, a corporation, but fails to show what sort of corporation is alleged to own said car. (6) It is necessary for the indictment to charge specifically the name and corporate character of the alleged owner

[Leonard v. The State.]

of the car from which it is charged the property was taken, and the indictment fails to do this."

The evidence for the state tended to show: That a car of goods were shipped to a mining company at America, in Walker county, Ala., and in the car was a 10-gallon keg of gin and a 30-gallon keg of apricot brandy. That all the goods, except the gin and brandy, were taken from the car by the commissary keeper of the mine, and the doors of the car locked next to the platform. The other door had a seal on it. That a few days afterwards the car was opened for the purpose of getting out the gin and brandy, but these goods were not in the car, and it was discovered that the seal on the door away from the platform had been broken open. The solicitor was permitted to ask the witness Sudduth if he noticed or saw any man track on the ground near the door of the car on the morning it was found open. The witness answered that he saw tracks and that some of them looked fresh. Defendant moved to exclude this answer. The witness further testified that between 100 and 200 yards from where the car was standing on the railroad track the mines were located, and about 250 yards away, on a side track of the mine where defendant was working, he and others found a keg of gin, and that it was the same gin that was left in the car, and that it was covered up in a garbage pile. It was shown that the car was on a track of the Southern Railway Company, near Drifton, Ala., which is in Walker county, and that the car was marked "M. & O. R. R." It was further shown that, soon after the alleged taking, the defendant gave a witness a drink of apricot brandy out of a quart bottle. It was further shown that after the taking the defendant was not seen until he was arrested in Indian Territory and brought back.

The evidence for the defendant tended to show, by the testimony of several witnesses, that, soon after the taking of the brandy and gin, Will Eaton, a white man, and Ridgeway, a negro, came into the mines where defendant was working and offered to sell defendant a keg of apricot brandy, but defendant refused to buy it all, but offered to buy a quart, whereupon the two went

away and came back in about 20 minutes with a quart of apricot brandy, which defendant purchased.

The defendant requested the following charges, which were refused: "(1) Before the defendant should be convicted, the law requires that his guilt be fully proven. (2) The court charges you, gentlemen of the jury, that, if there is reasonable possibility of defendant's innocence from the evidence, the jury should acquit. (3) I charge you that it is not necessary to a reasonable doubt that you should be able to give a reason therefor." "(5) I charge you that it is not essential to a reasonable doubt that you should be able to specify or point out the particular part of the evidence from which it arises. (6) If you do not believe the evidence in this case, you will find the defendant not guilty. (7) If you have a reasonable doubt as to any material facts in the case, growing out of the evidence, you will find the defendant not guilty. (8) The court charges you, gentlemen of the jury, that before you can convict the defendant you must be satisfied to a moral certainty, not only that the proof is consistent with the defendant's guilt, but that it is wholly inconsistent with every other rational conclusion; and, unless the jury are so convinced by the evidence of the defendant's guilt that you would venture to act upon that decision in matters of highest concern and importance to his own interest, you must find the defendant not guilty. (9) The court charges you, gentlemen of the jury, that, if any individual juror is not convinced of the defendant's guilt beyond a reasonable doubt and to a moral certainty, you cannot convict. (10) The court charges you, gentlemen of the jury, that each juror is required to be satisfied of guilt of defendant beyond a reasonable doubt before they are authorized to find a verdict of guilty, and each juror must be separately and segregately so satisfied to support a conviction." "(16) The court charges the jury that a probability that some person may have entered the car and taken the goods in question is sufficient to create a reasonable doubt of the guilt of the defendant, and therefore for his acquittal."

Defendant was convicted and sentenced to the penitentiary for 18 months.

[Leonard v. The State.]

RAY & LEITH, for appellant.—Counsel discuss exceptions to evidence but cite no authority. · Charges 3 and 5 should have been given.—*Avery v. The State,* 124 Ala. 120; *Cauley v. The State,* 133 Ala. 128; *Bell v. The State,* 37 South. 281; *Smith v. The State,* 142 Ala. 14. Charges 9 and 10 assert the proposition that each juror must be convinced beyond all reasonable doubt before a conviction can be had and has often been upheld by this court.

ALEXANDER M. GARBER, Atty. General, and SHERIFF LACEY, for the State.—Charges requested by defendant and refused by the court were properly refused.—*Bowen v. The State,* 140 Ala. 55; *Jones v. The State,* 141 Ala. 55; *Bones v. The State,* 117 Ala. 138; *Nichols v. The State,* 100 Ala. 23; *Prince v. The State,* 100 Ala. 144; *Avery v. The State,* 124 Ala. 20. Charge 6 was condemned in the case of *Koch v. The State,* 115 Ala. 99. Charge 7 was bad.—*Brown v. The State,* 142 Ala. 287. Charge 8 was also bad.— *Watkins v. The State,* 133 Ala. 92; *Rogers v. The State,* 117 Ala. 9; *Amos v. The State,* 123 Ala. 54. Charges 9 and 10 were bad.— *Gordon v. The State,* 140 Ala. 29; *Holmes v. The State,* 136 Ala. 84; *Winter v. The State,* 133 Ala. 122.

DOWDELL, J.—There was no merit in the demurrer interposed to the indictment, and the court properly overruled it.

There was no error committed in permitting the state to show, by the witness Sudduth, tracks of a man on the ground near the door of the car alleged to have been burglarized, and from which whiskey and brandy had been stolen.

There was evidence tending to show flight of the defendant immediately after the discovery of the stolen goods, a part of which—that is, a keg of gin—was found in a "junk pile" in the mine where the defendant was mining; and in this connection it was competent to show that the defendant was a married man and had a family, and did not carry his family away with him, but sent for them after he had left the county.

Written charge 1, requested by defendant, was properly refused, as exacting too high a degree of proof of the defendant's guilt.

Charge 2, refused to the defendant was bad, in predicating an acquittal on a reasonable possibility of the defendant's innocence.

Charges 3 and 5 were each argumentative, and for this reason, if no other, were properly refused.

Charge 4 finds a substantial duplicate in one of the written charges given at the request of the defendant. Charge 6 was condemned in the case of *Koch v. State*, 115 Ala. 99, 22 South. 471.

Charge 7 was held bad in the case of *Brown v. State*, 142 Ala. 287, 38 South. 268. Charge 8 has been repeatedly condemned by this court. See *Watkins v. State*, 133 Ala. 92, 32 South. 627; *Amos v. State*, 123 Ala. 54, 26 South. 524; *Rogers v. State*, 117 Ala. 9, 22 South. 666. Charges 9 and 10 should have been given. A charge similar to these charges was held good in *Mitchell v. State*, 129 Ala. 23, 30 South. 348.

Charge 11 finds substantial duplicate among the charges given at the request of the defendant, and no error was committed in its refusal.

Charge 12 was the general affirmative charge to find for the defendant, and was properly refused, as there was evidence from which the jury was authorized to find the defendant guilty.

Charge 16, refused to the defendant, is faulty in several respects. This charge asserts that a probability that some person entered the car, without excluding the defendant from being the probable person, is sufficient to raise a reasonable doubt of the defendant's guilt. This, without more, is sufficient to condemn this charge.

For the error in refusing defendant's charges 9 and 10, the judgment must be reversed.

Reversed and remanded.

Tyson, C. J., and Anderson and McClellan, JJ., concur.