82 So.2d 418

**Claud GREEN**

v.

**STATE of Alabama.**

**6 Div. 913.**

Supreme Court of Alabama.

Sept. 15, 1955.

Tweedy & Beech, Jasper, for appellant.

John Patterson, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

LAWSON, Justice.

The appeal is from a conviction of murder in the first degree, with punishment fixed at imprisonment for life.

This is the second appeal. We reversed the first conviction. Green v. State, 258 Ala. 471, 64 So.2d 84.

It is unnecessary to set out here the tendencies of the evidence for the State and for the defendant. Suffice it to say that the evidence found in the record on the present appeal is substantially the same as that set forth in the former opinion.

As shown in the former opinion, the evidence connecting the defendant with the perpetration of the horrible crime was purely circumstantial, but it clearly presented a case for the jury's consideration and, in fact, it is not contended otherwise in the brief filed here on behalf of appellant by the able counsel who also represented him below. There is no argument made that the verdict was contrary to the great weight of the evidence and, indeed, no such argument would be appropriate since there was no motion for a new trial and the case is not governed by the Automatic Appeal Act. Collins v. State, 250 Ala. 58, 33 So.2d 18. Cf. Broadway v. State, 257 Ala. 414, 60 So.2d 701; Easley v. State, 246 Ala. 359, 20 So.2d 519.

On the first trial of the case Roy Posey, who was the Sheriff of Winston County at the time the crime was committed, was examined as a witness on behalf of the State. During his cross-examination the State's objection was sustained to a question seeking to determine whether he heard any of a group of men who were searching for the defendant after the homicide "say they were going to shoot him on sight, and take him dead or alive." Also the trial court would not permit the witness to answer questions propounded to him on cross-examination as to whether one Clarence Spain had told him after the killing that he was looking for the defendant and was

going to shoot him on sight. Clarence Spain was a witness for the State on the first trial and lived in the community where the killing took place. The trial court also sustained the State's objections to several questions asked this witness on cross-examination concerning his movements and those of some of his deputies on a day about a week prior to the day of the killing in the community where the crime was committed. The cross-examination of this witness in all other respects on the first trial appears to have been full and complete.

We reversed the first conviction because of the cumulative effect of several erroneous rulings made by the trial court in the exclusion of evidence which the defendant sought to introduce. However, the rulings made during the examination of Sheriff Posey were not among those treated in the opinion written on the first appeal. But one of the rulings which we held to be erroneous was the sustaining of the State's objection to questions propounded by counsel for defendant on the direct examination of a witness whose name is not set out in the opinion, Hewett Bell, which questions sought to establish the fact that Clarence Spain, a witness for the State on that trial, told certain persons after the killing that he was going to "shoot the defendant on sight" and "bring him in dead or alive."

Roy Posey was dead at the time of the trial here under review and over the strenuous objection of the defendant, the trial court permitted the State to introduce in evidence his testimony given on the first trial.

The defendant argues that he did not have a full opportunity to cross-examine the witness Roy Posey on the first trial, being denied the right to have answered the questions to which we referred above, and that for this reason the trial court committed reversible error in permitting the State to introduce in evidence the testimony given by Roy Posey on the first trial.

■ It is the rule that before the testimony of a witness given on a former trial is admissible, it must appear that on the former trial the absent witness was cross-examined or a full opportunity afforded for cross-examination by the party against whom the testimony is offered. Floyd v. State, 82 Ala. 16, 2 So. 683; Pruitt v. State, 92 Ala. 41, 9 So. 406; Thompson v. State, 106 Ala. 67, 17 So. 512; Blanks v. State, 30 Ala.App. 519, 8 So.2d 450; Wyatt v. State, 35 Ala.App. 147, 46 So.2d 837; McElroy, The Law of Evidence in Alabama, pp. 91–92.

■ The defendant was not denied the right of cross-examination by the action of the trial court in sustaining the State's objection to questions asked Sheriff Posey on cross-examination as to whether or not he stopped his car and let some one out at or near the home of the deceased approximately a week prior to the date of the killing. As far as the trial court was advised and as far as we can determine, those questions called for irrelevant and immaterial testimony.

■■ Clarence Spain did not testify at the trial here under review. Hence the defendant cannot now complain of the rulings of the trial court on the first trial which prevented Sheriff Posey from answering the questions propounded to him concerning statements alleged to have been made by Clarence Spain. In the opinion on the former appeal, we indicated that testimony of that character was admissible for the purpose of showing Spain's feeling towards the defendant and thereby shedding light on the credibility of Spain's testimony.

■ It was fully developed by other evidence in the case that after it became known that the defendant was under suspicion a search for him was conducted by a large group of men composed of officers and individuals who lived in the community and that threats against the defendant were made by members of that group. Therefore the trial court did not err to reversal in admitting in evidence the testimony of Sheriff Posey given on the first trial, although he was not permitted on that trial to testify that the members of the searching party threatened to take the de-

fendant dead or alive. Harwell v. State, 12 Ala.App. 265, 68 So. 500, certiorari denied 192 Ala. 689, 68 So. 1019. We are of the opinion that the trial court did not err to a reversal in admitting in evidence the testimony given by Sheriff Posey at the first trial.

C. D. Brooks, a State Toxicologist, was a witness for the prosecution. On direct examination he stated that in the course of his investigation of the crime he was given a stick "to make an examination of." As to how he got possession of the stick the witness testified: "It was brought to my office on the 11th of September, just a few days after I had examined Mrs. Boshell's body. It was brought with some other evidence. It was wrapped up and delivered by the Highway Patrol, if I recall correctly, and the highway patrolman's name was Coan." The witness testified as to the condition of the stick and the nature of the substances found thereon. On direct examination the witness was not interrogated in any manner concerning any clothing of the defendant.

On cross-examination the witness C. D. Brooks stated that he had examined a pair of overalls which were delivered to him at the same time he received the stick; that according to the information given him when they were delivered the overalls belonged to the defendant; that he found no traces of blood on the overalls although he was of the opinion that "blood would have gotten on the person" who killed Mrs. Boshell.

On redirect examination the witness Brooks testified that he had no personal knowledge as to whether the overalls he examined actually belonged to the defendant and that he had no personal knowledge of the kind of clothing the defendant wore on the day of the killing.

Thereafter, on recross, the defendant sought to show that the witness was told at the time the clothing was delivered to him that it belonged to the defendant. The trial court correctly sustained the State's objections to the questions seeking to elicit such hearsay testimony. Such proof was not permissible on the theory that the State having brought out a part of a transaction, the defendant was entitled to bring out the whole of the transaction. Wesson v. State, 238 Ala. 399, 191 So. 249. It was the defendant, not the State, who put in evidence the testimony concerning the overalls which the witness, in answer to permissible leading questions, in effect said belonged to the defendant. It was therefore proper for the State on redirect to show that the witness had no personal knowledge of the ownership of the overalls which were delivered to him. Such proof by way of clearing up and explaining the witness's testimony on cross-examination did not open the floodgates so as to permit the defendant to introduce testimony which is clearly hearsay.

We come now to consider the written charges requested by the defendant and refused by the trial court.

There is some confusion in the record as to the numbering of the refused charges. Because there are several sets of "twins" in so far as numbering is concerned, we will refer to some of the charges as 2-A, 2-B, 3-A, 3-B, 9-A, 9-B, 25-A, 25-B, 30-A and 30-B.

Charges 9-A, 10, 23, 24, 26, 27, 28, 30-B and 31 are affirmative in nature and were properly refused, as the evidence presented a case for jury consideration.

Charge 2-A is argumentative, confused and misleading. It was refused without error. Hill v. State, 156 Ala. 3, 46 So. 864; Way v. State, 155 Ala. 52, 46 So. 273; Mann v. State, 134 Ala. 1, 32 So. 704; Bowman v. State, 35 Ala.App. 420, 47 So.2d 657; Abercrombie v. State, 33 Ala.App. 581, 36 So.2d 111, certiorari denied 250 Ala. 701, 36 So.2d 115.

Charges 2-B, 3-A and 6 were refused without error for the reasons stated in Koch v. State, 115 Ala. 99, 22 So. 471. See Crews v. State, 218 Ala. 145, 117 So. 801; Ledbetter v. State, 34 Ala.App. 35, 36 So.2d 564, certiorari denied 251 Ala. 129, 36 So.2d 571; Winn v. State, Ala.App., 79 So.2d 75.

Charge 3-B was held good in a number of the early cases, including Leonard v. State, 150 Ala. 89, 43 So. 214, cited in brief of appellant. However, the later decisions of this court and of the Court of Appeals are to the effect that it is not reversible error to refuse such charges in that they have a tendency to inculcate the idea that the conclusion of each juror should be reached and adhered to without the aid of that consideration and deliberation with his fellows which the law intends shall take place in the jury room. Wilson v. State, 243 Ala. 1, 8 So.2d 422; Russo v. State, 236 Ala. 155, 181 So. 502; Burkett v. State, 215 Ala. 453, 111 So. 34; Thomas v. State, 37 Ala.App. 179, 66 So.2d 189; Hollis v. State, 37 Ala.App. 453, 70 So.2d 279; Abercrombie v. State, 33 Ala.App. 581, 36 So.2d 111, certiorari denied 250 Ala. 701, 36 So.2d 115. See City of Birmingham v. Bowen, 254 Ala. 41, 47 So.2d 174. Moreover, in its oral charge the court pointed out the need for unanimous action in a jury verdict.

No duty rested on the court to give Charge 4. It is argumentative and incomplete. See Medley v. State, 156 Ala. 78, 47 So. 218; Walker v. State, 134 Ala. 86, 32 So. 703.

The principle sought to be established by Charge 9-B was fully covered by charges given at the request of the defendant, particularly Charge 5 which is in the exact language of Charge 1 considered in Sanford v. State, 37 Ala.App. 603, 75 So.2d 109, certiorari denied 261 Ala. 699, 75 So.2d 85, and counsel for appellant say in brief that Charge 1 in the Sanford case is "a charge in substance like the instant charge [9-B]."

Charges 14 and 25-B are identical in language. They were properly refused for the reasons stated in Ex parte State ex rel. Attorney General, 213 Ala. 390, 104 So. 773.

Charges 16 and 25-A are identical. Their refusal was proper because the principle sought to be established by them was adequately stated in Charges 1 and 11 given at the request of defendant.

It is not error to refuse Charge 17. It was covered by Charges 1 and 18 given at the defendant's request.

Refused Charge 29 was fully covered by the court's oral charge.

Charge 30-A was refused without error, as it was fully covered by defendant's given Charge 5.

Defendant's requested Charge 32 was refused without error. It was not hypothesized upon a "reasonable theory" or "reasonable probability" of some person other than the defendant having committed the crime. Spencer v. State, 228 Ala. 537, 154 So. 527; Goocher v. State, 227 Ala. 337, 149 So. 830; Pitman v. State, 148 Ala. 612, 42 So. 993. Moreover, the general principle sought to be stated was adequately covered in Charge 18 given at defendant's request.

Charges 37 and 38 invade the province of the jury, are argumentative and misleading and were refused without error. James v. State, 246 Ala. 617, 21 So.2d 847; Way v. State, 155 Ala. 52, 46 So. 273; Thomas v. State, 107 Ala. 13, 18 So. 229.

The principle sought to be stated by refused Charges X-2 and X-4 was adequately covered by the oral charge and defendant's given Charges 7 and X-3.

Mindful of our duty in cases of this character, the record has been examined for any reversible error. We have herein dealt with all questions calling for serious treatment.

We find no reversible error in the record and the cause is due to be and is affirmed.

Affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.