192 So.2d 256

Johnny **LANIER**

v.

**STATE.**

**8 Div. 998.**

Court of Appeals of Alabama.

Nov. 1, 1966.

Beck & Timberlake, Huntsville, for appellant.

Richmond M. Flowers, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

JOHNSON, Judge.

Appellant was indicted by the Grand Jury of Madison County for the offense of manslaughter in the first degree. Upon a plea of not guilty, appellant was tried by a jury and found guilty as charged. His sentence was fixed at imprisonment in the State penitentiary for a period of one year and one day. Following the overruling of a motion for a new trial, appellant makes this appeal.

The tendency of the evidence, in part, was as follows:

An automobile accident in which the appellant was involved occurred on April 27, 1963, at 2:30 P.M. in the City of Huntsville, Alabama, at the intersection of Holmes Avenue, running East and West, and Jordan Lane, running North and South. Appellant was driving West on Holmes Avenue toward the intersection of the two streets when the light turned red for traffic on Holmes Avenue and green for traffic proceeding North and South on Jordan Lane. A car driven by Carl Melton was proceeding North on Jordan Lane and another driven by Jim Thompson was heading South on Jordan Lane, both of which had stopped at the intersection for the traffic light and started into the intersection when the light turned green. Appellant applied his brakes before reaching the intersection but then proceeded into the intersection through the red light without coming to a full stop. Appellant struck the car driven by Carl Melton in which his daughter, Terri Lee Melton, was riding and as a result of this accident Terri Lee Melton was killed.

It is not necessary to here recount all of the evidence as we find, after a careful examination of the entire record, that this cause must be reversed for the following errors committed in the trial below:

The following occurred upon the cross-examination of Carl Melton by the defense counsel:

"Q. Mr. Melton, after this accident happened, several days later, you came down to the Solicitor's Office. Did you go to the Solicitor's Office?

"A. Yes, sir.

"Q. Mr. Melton, let me ask you this: was this before or after you had talked to an attorney concerning the civil proceedings against Johnny Lanier?

"A. MR. THOMAS: Just a moment. Your Honor, we would like to approach the bench.

"(Consultation between Court and counsel.)

"MR. THOMAS: I object to that question. The civil aspect of this case has already been disposed of. Therefore, it wouldn't have any bearing whatsoever.

"THE COURT: The Court rules that it is not material in this case. Sustain the objection."

The action of the trial court in sustaining the objection to the introduction of this evidence constituted reversible error.

In Ferguson v. State, 40 Ala.App. 389, 114 So.2d 302, the court held:

"A party to an action or proceeding, civil or criminal, may elicit from an opposing witness on cross-examination any fact tending to show bias against him or that the witness is interested in the outcome of the litigation. * * *

"Under this rule a witness for the prosecution in a criminal case may be compelled to disclose on cross-examination that he has instituted a civil action for damages against the accused based on the acts involved in the criminal case."

In Morrison v. State, 267 Ala. 1, 100 So. 2d 744, where, as here, the witness who was under cross-examination was the father of the deceased, the Supreme Court of Alabama said:

"It was proper to permit the defendant to show that Austin had instituted a civil action against the defendant to show his interest, he being a party to that suit."

The appellant contends that the refusal of the trial court to give the following written charge requested by the appellant also constituted reversible error:

"Gentlemen of the Jury I charge you that if the Jury, upon considering all the evidence, have a reasonable doubt about the defendant's guilt, arising out of any part of the evidence you should find him not guilty."

■ The above charge is a correct statement of the law. Sanford v. State, 37 Ala. App. 603, 75 So.2d 109. We do not find that the instructions contained therein were covered by the court's oral charge at the bottom of page 75 of the record as contended by the attorney general. Failure of the trial court to give the requested charge constituted additional reversible error.

For these errors this cause is due to be and the same is hereby

Reversed and remanded.

Richmond M. Flowers, Atty. Gen., for respondent.