265 So.2d 195

**Donald BUCKELEW**

v.

**STATE.**

**8 Div. 169.**

Court of Criminal Appeals of Alabama.

May 30, 1972.

Rehearing Denied June 20, 1972.

Barnett, Tingle & Noble, Birmingham,
for appellant.

William J. Baxley, Atty Gen., and J. Victor Price, Jr., Asst. Atty. Gen., for the State.

CATES, Judge.

Possession and sale of LSD: sentence, fifteen years in the penitentiary.

I

Appellant's first claim of error rests on an allegation that one Otten, the State's principal witness, was under a contingent reward basis.

If there had been such an arrangement it would have gone to the weight to be accorded ·Otten's testimony. Knight v. State, 23 Ala.App. 582, 129 So. 478. A contingency requiring conviction does not taint a reward. Dixon v. State, 269 Ala. 548, 115 So.2d 270.

However, we have been cited to no ruling of the trial judge excluding cross-examination of Otten as to a contingent reward. Hence, no point has been reserved for our consideration. We pretermit consideration of Williamson v. United States, 5 Cir., 311 F.2d 441.

II

The defendant was purportedly indicted by the August, 1970 grand jury. On September 3, 1970, in State ex rel. Gregg v. Maples, 286 Ala. 274, 239 So.2d 198, the Supreme Court characterized the then extant plan of making up the Madison County jury roll as a "fraud in law."

Thereupon, the State moved the circuit court to quash the August indictment. The motion was granted. Meanwhile the jury

commission worked up a new roll. From this came the cards for drawing the venire for the September grand jury which on October 2, 1970, presented a new indictment against Buckelew for possession, etc., of LSD.

Appellant claims that this new jury roll was too meagre for a county as populous as Madison which under the 1970 enumeration had 180,540 inhabitants. The refilled September jury roll contained approximately 1,500 names. Our statute requires a roll of all persons eligible.

 We are aware of no constitutional demand for strict proportional class representation in the carrying out of a jury law. See Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759; Hoyt v. Florida, 368 U.S. 57, 82 S.Ct. 159, 7 L.Ed. 2d 118. Nor must every jury have "representatives of all the economic, social, religious, racial, political and geographical groups of the community; frequently such complete representation would be impossible." Thiel v. So. Pac. Co., 328 U.S. 217 at 220, 66 S.Ct. 984 at 985, 90 L.Ed. 1181. "Neither the jury roll nor the venire need be a perfect mirror of the community or accurately reflect the proportionate strength of every identifiable group." Swain v. Alabama, supra, 380 U.S. at 208, 85 S.Ct. at 829.

Nor do we know of any procedure—other than complaining to the jury commission—where a litigant feels that too few names are on the jury roll, provided that there is no systematic exclusion of any class or classes by reason of unconstitutional discrimination. The deficiency here alleged is quantitative only: unconstitutional deficiences lie in the qualitative realm.

In Fikes v. State, 263 Ala. 89, 81 So.2d 303, we note the following:

"* * * There is no legal reason for quashing an indictment or venire simply because the jury commission did not put the name of every qualified person on the roll or in the jury box, in the absence of fraud (or a denial of constitutional rights). Section 46, Title 30, Code; Bell v. Terry, 213 Ala. 160, 104 So. 336; Wimbush v. State, 237 Ala. 153 (11), 186 So. 145. The commissioners have a very delicate task to perform which involves sound judgment and practical discretion. * * *"

See also Ex parte Seals, 271 Ala. 622, 126 So.2d 474; and Bridges v. State, 284 Ala. 412, 225 So.2d 821.

Footnote 3 in Swain v. Alabama, supra, (380 U.S. at 207, 85 S.Ct. at 828) says:

"Although the statute aims at an exhaustive jury list, failure to include the name of every qualified person on the jury roll is not a ground to quash an indictment or venire, absent fraud or purposeful discrimination. * * *"

In Carter v. Jury Commission of Greene County, 396 U.S. 320, at 323, 90 S.Ct. 518, 24 L.Ed.2d 549 footnote 2 characterizes the requirement of our jury statute requiring the commission to place on the roll every qualified non-exempt person as permissive, not mandatory.

 Rather than find fault, we commend the jury commission for putting the wheels of justice promptly back on the tracks. The public has as much a right to speedy trials as do defendants. There was no error in the trial court's overruling defendant's plea in abatement and motions to quash the indictment and the trial venire.

### III

Appellant's third proposition of law is:

"A jury roll which is not fair cross-representation of the citizens of Madison County is unconstitutional and is a denial to the defendant of the equal protection of the law and due process of law."

 The argument to advance acceptance of this as applicable here is based on the factual premise that a jury roll of only 1,500 names "does not represent a fair

cross-representation of all the citizens of Madison County qualified to serve as jurors."

Without proof of the composition of the 1,500 member jury roll, the foregoing conclusion as a matter of logic and of law is unwarranted.

## IV

Since we have written to the merits of the jury question we pretermit discussion of the proper, better or exclusive adjectival approach for bringing such questions to the attention of the trial court.

## V

The State erroneously contends that a trial court in Alabama "can restrict cross-examination to an extent to be determined by its discretion * * *." This assertion is contrary to the express wording of Code 1940, T. 7, § 443, the first sentence of which reads:

"The right of cross-examination thorough and sifting, belongs to every party as to the witnesses called against him."

Moreover, this privilege or, more properly, right inheres in the confrontation clauses of the State and Federal constitutions. It must be remembered that Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923, made the Sixth Amendment's guarantee of the right of confrontation a fundamental right obligatory on the states via the Fourteenth.

Repetitive sifting and collateral and irrelevant enquiries the trial judge may control. Pinkard v. Hastings, 41 Ala.App. 677, 149 So.2d 293; Nelson v. Darling Shop, 275 Ala. 598, 157 So.2d 23. A trial is not meant to be an eternal phenomenon.

However, on appeal the party claiming that a trial judge has abused his discretion in this latter aspect bears the burden of persuasion. Seals v. State, 282 Ala. 586, 213 So.2d 645.

In the case of instant concern Buckelew's intial complaint was that the trial court did not allow him to elicit testimony from a member of the jury commission as to the composition of the jury roll. This commissioner was called by Buckelew as his witness, hence cross-examination was not involved unless his examination brought out hostility. No request to treat the witness as hostile (or as the court's) was made.

As to the cross-examination of the State's witnesses Weir and Smith as cited at page 48 of appellant's brief, we consider no error is made to appear. As to the apartment being rented, no part of the transaction took place there. The address at which the LSD was kept after confiscation was not under the evidence relevant to the issues.

Buckelew, under Otten's testimony, bargained to deliver Otten some 189 LSD tablets for "around $3.00 a tablet" (R. 148) for a gross price of $550.00. Though Otten dealt with Buckelew, he told the latter that Smith was "one of the people that is going to make the buy from you [meaning Buckelew]." Otten took the tablets to Smith to be counted.

However, the purchase price was never paid because Buckelew was arrested when he came back to collect. Nevetheless, the transaction can properly be viewed as a sale, albeit one on credit.

To have cross-examined Smith as to the money which he might have paid over was not material within the issues or developed evidence.

## VI

In brief Buckelew contends the trial judge should not have refused the following charges which were requested in writing before the jury retired, viz:

"2. The Court charges the jury that no matter how strong the circumstances.

may be, if they can be reconciled under the evidence with a reasonable theory that some other person other than the defendant, Donald Buckelew is guilty, the jury must acquit Donald Buckelew.

Refused,
D. R. Archer, C. J.

"3. I charge you, Gentlemen of the Jury, if the evidence of the state consists in the statements of witnesses, the truth of which the jury have reasonable doubt, you cannot convict on such evidence, although you may not believe the testimony of the defendant's witnesses.

Refused,
D. R. Archer, C. J.

"4. The Court charges the jury the defendant is presumed to be innocent until the evidence convinces the jury beyond all reasonable doubt that he is guilty; and if, upon a consideration of all the evidence, the jury have a reasonable doubt, growing out of all the evidence, they must acquit the defendant.

Refused,
D. R. Archer, C. J.

"12. The Court charges the jury that defendant cannot be convicted in this case unless each and every juror is not only reasonably satisfied from the evidence of defendant's guilt, but is satisfied from the evidence alone, beyond all reasonable doubt, and to a moral certainty, of his guilt.

Refused,
D. R. Archer, C. J.

"13. The Court charges the jury that if you find from the evidence that the witness, Edward M. Otten, has made contradictory statements as to material facts in this case, the jury may look to these contradictory statements in order to determine what credence they will give to the testimony of such witness.

Refused,
D. R. Archer, C. J.

"14. The Court charges the jury that if any individual juror is not convinced that the defendant is guilty beyond a reasonable doubt and to a moral certainty you cannot convict him.

Refused,
D. R. Archer, C. J.

"16. The Court charges the jury that a person charged with a felony should not be convicted unless the evidence excludes to a moral certainty every reasonable hypothesis but that of his guilt. No matter how strong may be the circumstances they do not come up to the full measure of proof which the law requires if they can be reasonably reconciled with the theory that the defendant is innocent.

Refused,
D. R. Archer, C. J.

"17. The Court charges you, Gentlemen of the Jury, that, if any individual juror is not convinced of the defendant's guilt beyond a reasonable doubt and to a moral certainty, you cannot convict.

Refused,
D. R. Archer, C. J.

"18. The Court charges the jury that before they can convict defendant the evidence must be so strong as to convince each juror of his guilt, beyond a reasonable doubt, and if after considering all the evidence a single juror has a reasonable doubt of defendant's guilt, arising out of any part of the evidence, they cannot convict him.

Refused,
D. R. Archer, C. J."

Also other charges.

■ Charges 1, and 6, which we will not set out, were otherwise covered by the trial judge's oral instruction as to the presumption of innocence and hence their refusal was proper. See Gordon v. State, 268 Ala. 517, 110 So.2d 334; and Brickley v. State, 46 Ala.App. 413, 243 So.2d 493. We consider that the oral charge com-

ported with Charge 12 discussed with approval in Davis v. State, 284 Ala. 135, 222 So.2d 719.

Charge 17, supra, despite appellant's assertion that it is "practically identical" to the charge quoted in Lanier v. State, 43 Ala.App. 447, 192 So.2d 256, is more properly ascribable to Charge 9 found in Leonard v. State, 150 Ala. 89, 43 So. 214. However, in the oral charge the court here pointed out that the verdict must be unanimous. See Green v. State, 263 Ala. 324, 82 So.2d 418.

▐ The refusal of a "single juror" charge is not reversible error. Greyhound Corp. v. Brown, 269 Ala. 520, 113 So.2d 916. All the more cogent to this conclusion is the court's direction that the verdict must be duodecimal. The trial judge did not err in refusing Charge 17. Union Central Life Ins. Co. v. Scott, 286 Ala. 10, 236 So.2d 328.

We note that this charge addresses itself to "Gentlemen of the Jury" whereas the judgment entry and the oral charge show that women as well as men composed the panel. We forego deciding whether this neglect of the fair sex would alone justify a court's refusal of a charge so couched.

Charge 16 refused was covered in substance by Charge 15 given. Charge 14 is adequately discussed in the above comment on Charge 17.

▐ Charge 13 was otherwise covered by the oral charge. Charge 12 is confusing. Charge 2 is abstract under the the evidence: no other person was implicated under the evidence. Moreover, "must acquit" is ordinarily not a proper term; "cannot convict" at least leaves the eventuality of a hung jury. See Jones, Ala. Jury Instructions, Vol. 2, p. 376.

▐ Charge 18 is taken verbatim from Charge 54 in Russell v. State, 201 Ala. 572, 78 So. 916, wherein its refusal was reversible error. Then in Cagle v. State, 211 Ala. 346, 100 So. 318, refusal of Charge 5 (also verbatim) was free of error. One month later the Supreme Court tergiversated in Rakestraw v. State, 211 Ala. 535, 101 So. 181. This case had a somewhat shorter version of the charge (#2). See also Gautney v. State, 284 Ala. 82, 222 So. 2d 175, where the *Rakestraw* holding is given approval by way of obiter dictum.

Hence, considered solely by itself, Charge 18 was proper. However, Code 1940, T. 7, § 273, 4th sent. reads:

"The refusal of a charge, though a correct statement of the law, shall not be cause for reversal on appeal if it appears that the same rule of law was substantially and fairly given to the jury in the court's general charge or in charges given at the request of parties."

We have nothing before us in the general charge which tells the jury that a sufficient reasonable doubt may be generated by part of the evidence when considered with the whole of it. But defendant's given [1] charge 19 reads as follows:

"19. The Court charges the jury that the burden is never on the defendant to establish his innocence or to disprove the facts necessary to establish a crime of which he is charged, but that in this case, if any or all the evidence after considering all of same, raises in the mind of the jury a reasonable doubt as to the guilt of the defendant, you should acquit him.

Granted,
D. R. Archer, C. J."

While we prefer Charge 18 over Charge 19, nevertheless we cannot say that

---

[1]. The trial judge failed to comply with that part of Code 1940, T. 7, § 273, which reads:
 "Charges moved for * * * must be in writing, * * *, and it is the duty of the judge to write 'given' or 'refused,' as the case may be, on the document, and sign his name thereto; * * *." Italics added.
The instant record shows charges endorsed "Granted," which for purposes of reviewing the merits we have assumed to have been intended for the statutory "given."

**418**

19 does not substantially and fairly convey the thought encapsulated in 18. Hence, the refusal of 18 was free of error in this instance.

 The other charges which were refused were either covered by the general charge or by charges given on motion of the defendant. Thus in the oral charge we note at R. 271:

"* * * should you find that a witness has testified wilfully, falsely and intentionally to a material fact in the case, then the law says that as to that witness you may disregard entirely that testimony. It is within your discretion. You may do so. It is for you to say."

This excerpt adequately obviated need for refused Charges 8, 9 and 10 which singled out the credibility of State's witness, Otten.

We conclude, after review under Code 1940, T. 15, § 389, that the judgment below is due to be

Affirmed.

All the Judges concur.