BOWEN W. SIMMONS, Retired Circuit Judge.
Appellant-defendant, an indigent, was convicted of robbery and sentenced to ten years imprisonment. He appealed from the judgment entry.
It appears from the record that the victim was Mrs. Edna Black who was operating a country store and service station located a few miles distant from Georgiana. The stolen property was about $800.00 in cash.
Mrs. Black’s testimony fully supports the allegation that she was robbed, but she could not identify the two robbers. Mrs. Black closed her store about 6:25 P.M., January 25, 1977. At that time it was already dark. The robbery occurred as she started towards her trailer home. Two men, each wearing a ski mask, accosted her; and by threats and violence, obtained Mrs. Black’s money. During the course of the robbery, Mrs. Black saw a gun. After taking her money, Mrs. Black’s assailants left on foot.
From the glow of a night light, Mrs. Black discerned that one of the robbers was about five feet eight or ten inches tall. Her other assailant was approximately six feet two inches tall. Mrs. Black testified that defendant had been a customer in her store.
Arthur Benson, a witness for the State, testified that on Sunday night before the alleged robbery on Tuesday, June 25, 1977, he saw defendant on the side of the road where his car had broken down; that he loaned him his car to go get a part to go on his car. Defendant agreed to pay him $10.00 for the service and said, “I didn’t do what I wanted to do. I’ll give you the ten dollars on Monday.” Benson stated he saw him on Tuesday and asked him for the ten dollars. He said, “let me use your car about five-thirty,” and I said, T can’t, I got to go to Andalusia,’ and I went on home.”
He saw him on Tuesday in Georgiana. Benson then went home and came back, at which time defendant’s car passed the store. He saw him again after that between the trailer and the chicken house, right at closing time for the store. He recognized defendant’s car, but not defendant in the car.
Chester Thomas, who was in the car with Arthur Benson when he passed defendant in his car a little after six o’clock, about a quarter of a mile from “Miss Edna’s” house, recognized defendant.
Jerry Peagler testified for the State. He knew defendant and identified him in the *489 courtroom. While associated with defendant: “he asked me would I rob.” Peagler told him, “no.” He also testified:
“A. He told me that loggers and everybody come out to Mrs. Black’s Store and cashed checks, and he said he was going to get some of their money.
Q. He told you what?
A. Going to get some of that money.
Q. Told you that he was going to get some of that money?
A. Right.”
Peagler further testified that the next day, or within the next day or so, after the robbery, he saw defendant and had another conversation with him about Mrs. Black. We quote:
“Q. Did you have a conversation with him at that time about Mrs. Black?
A. Yeah.
Q. What was it?
A. He told me an officer had picked him up to tell him something about it, he said he turned them down because he knew he was in it.
Q. Because he was in it himself, and he turned him down?
A. Right.
Q. Did he tell you — did he make any statement to you about where they stood or where they hid, waiting for Mrs. Black to get home?
A. Yeah, they said they hid in the back of the trailer. When she got home they come around.
Q. Did they tell you in which manner that they escaped?
A. Through Long Creek.
Q. Alright, how much were you around James after the day that Mrs. Black was robbed?
A. Oh, I was around him a lots. You know.
Q. Can you tell the Jury whether or not he had a lot of money to spend at that time?
A. Yeah, he had a right smart amount.
Q. And, prior to the time that she was robbed, did he have a lot of money to spend?
A. Not to (sic) much, no.”
* * * * * *
“Q. Did he tell you what car they used?
A. No.
Q. He didn’t, and did he make any threats against you if you testified against him in Court?
A. Yeah.
Q. Tell the Jury what he said?
A. He said if anybody was to testify against him, that he would blow them away.
Q. Blow him away, — ”
The defendant testified and denied that he had anything to do with the robbery of Mrs. Black.
It appears in the record that the witness, Peagler, was arrested for the robbery and held in jail for a short period of time. However, we are unable to find in the record any evidence that said witness was an accomplice in the robbery, or in any way implicated in the offense. He was under suspicion when arrested. But, so far as the record discloses, he was not indicted.
The trial court gave an oral charge that was comprehensive and elaborate; also, he gave sixteen requested written charges for defendant and refused to give thirty-two for defendant.
One of the refused charges was Charge No. 4, which reads:
“D. 4 I charge you that if you have a reasonable doubt of James Richards’ guilt growing out of the evidence or any part of it you must acquit him.”
The late and eminent Judge Carr of this Court, in Sanford v. State, 37 Ala.App. 603, 75 So.2d 109, collated several Alabama Supreme Court decisions, some of which approved a similar charge while others rejected it. The court cited Rakestraw v. State (1924), 211 Ala. 535, 101 So. 181(4), wherein the Supreme Court, speaking through Justice Sayre, held that it was error to refuse written Charge No. 2 for defendant, reading:
*490 “2. If, after considering all the evidence in the case, you have a reasonable doubt as to the guilt of the defendant Jim Rakestraw growing out of any part of the evidence, you should find him not guilty.”
This court in Sanford, supra, and in many other decisions which we list, infra, has followed Rakestraw, supra. Until the Supreme Court of Alabama rules otherwise, we are bound by Rakestraw, as was the case in Sanford. We cite:
Green, 263 Ala. 324, 82 So.2d 418 (423);
Holtbrook, 38 Ala.App. 77, 76 So.2d 349;
Golden, 39 Ala.App. 361, 103 So.2d 52 (59);
Earnest, 40 Ala.App. 344, 113 So.2d 517 (523);
Lockett, 40 Ala.App. 427, 117 So.2d 155;
Tidwell, 40 Ala.App. 580, 118 So.2d 292 (293);
Lanier, 43 Ala.App. 447, 192 So.2d 256 (257);
McAllister, 44 Ala.App. 511, 214 So.2d 862 (867);
Gautney, 284 Ala. 82, 222 So.2d 175 (178); and,
Hicks, 46 Ala.App. 125, 238 So.2d 922 (923).
The refusal of Charge No. 4, supra, necessitates a reversal of the judgment in the instant case and a remand of the case.
The .foregoing opinion was prepared by the Honorable Bowen W. Simmons, a retired Circuit Judge, serving as a Judge of this Court, under the provisions of § 6.10, of the new Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
REVERSED AND REMANDED.
All the Judges concur.