Rape, first degree; ten years imprisonment.
The prosecutrix testified, in essence, that the appellant, whom she had known several *Page 1163 
years, raped her at his home on the afternoon of August 23, 1981. Appellant's defense was that of consent.
 1
Appellant contends that the Alabama rape shield statute, §12-21-203, Code of Alabama (Supp. 1982), is unconstitutional as applied to him.
Section 12-21-203 provides that evidence relating to the past sexual behavior of the victim of a sex crime is inadmissible unless the trial court, in an in camera hearing, determines that this behavior involved the defendant. "Evidence relating to past sexual behavior" is defined as including "but not limited to evidence of the complaining witness's marital history, mode of dress and general reputation for promiscuity, non-chastity or sexual mores contrary to the community standards." Ala. Code § 12-21-203 (a)(3) (Supp. 1982).
 A.
Appellant first attacks the statute on the ground that it is void for vagueness. This argument, which focuses on the above definition of "evidence relating to past sexual behavior," was apparently sparked by the trial court's ruling at a pre-trial hearing. After ruling that appellant could introduce evidence of past sexual acts between himself and the victim, the court ruled that appellant could not introduce evidence that the victim had never been married and had a small child. He further ruled that appellant could not introduce evidence of sexual acts between the victim and third parties.
We note initially that this last ruling is merely in keeping with well-settled Alabama law. C. Gamble, McElroy's AlabamaEvidence § 32.01 (3 ed. 1977). We also note that appellant was
allowed to elicit from the victim, on cross-examination, that she had never been married and had a small child.
The rulings of the trial court were clearly in accordance with the intent of the statute. In our judgment, appellant's void for vagueness challenge fails because § 12-21-203 is not so "incomplete or irreconcilably conflicting or so vague and indefinite that it cannot be executed," nor is the court "unable to determine with any reasonable degree of certainty what the legislature intended." Eagerton v. Exchange Oil GasCorp., 404 So.2d 1 (Ala. 1981).
 B.
Appellant also challenges the statute on the grounds that it violates his right to due process and his right to confront the witnesses against him.
The Illinois rape shield statute, Ill.Rev.Stat. 1981, Ch. 38, par. 115-7, is very similar to our rape shield statute and was challenged on due process grounds in People v. Cornes,80 Ill. App.3d 166, 35 Ill.Dec. 818, 399 N.E.2d 1346 (1980). In upholding the statute, the Illinois Appellate Court noted that, prior to the enactment of the statute, a defendant in a rape case could introduce evidence of the complainant's general reputation for chastity and immorality (the same was true in Alabama, McElroy's Alabama Evidence § 32.01) and stated that with the new statute "the legislature clearly and unequivocally abrogated the old Illinois rule." The court further observed:
 "[II] Defendant's right of confrontation necessarily includes the right to cross-examine witnesses, but that right does not extend to matters which are irrelevant and have little or no probative value. Complainant's past sexual conduct has no bearing on whether she has consented to sexual relations with defendant. The legislature recognized this fact and chose to exclude evidence of complainant's reputation for chastity as well as specific acts of sexual conduct with third persons in cases of rape and sexual deviate assault. The exclusion of this evidence does not prevent defendant from challenging or attacking complainant's credibility or veracity or otherwise utilizing cross-examination as an effective tool of impeachment. It merely denies defendant the opportunity to harass and humiliate the complainant at trial and divert the attention of the jury to issues not *Page 1164 
relevant to the controversy. At the same time, it provides an effective law enforcement tool by encouraging victims of rapes and other sexual assaults to report these crimes to the proper authorities without fear of having the intimate details of their past sexual activity brought before the public. The legislature was acting well within its powers in enacting reasonable legislation intended to eliminate the cruel and abusive treatment of the victim at trial by precluding the admission of prejudicial and irrelevant material and to promote the lawful administration of the criminal justice system. This finding is consistent with the holdings in other jurisdictions in which a defendant has attacked the constitutionality of rape shield laws. [Citations omitted]
We agree with the opinion of the Illinois Appellate Court and therefore hold that § 12-21-203 does not violate appellant's right to due process or his right to confront witnesses against him.
 C.
In his final constitutional challenge, appellant maintains that the rape shield statute denies him equal protection of the laws.
The Indiana courts have sustained a rape shield statute in the face of an equal protection challenge by reasoning that defendants in rape cases are not within a suspect classification and therefore the "equal protection clause requires only that there be a rational and reasonable basis for the classification and that it bear a fair relationship to the purpose of the statute." Cherry v. State, 414 N.E.2d 301 (Ind. 1981); Finney v. State, 385 N.E.2d 477 (Ind.App. 1979). The courts then found that the statute was a rational attempt by the legislature to protect the complainant from harassment and humiliation and to encourage victims of sexual assaults to report the crimes unhindered by the fear of having their past sexual activities made public. This rationale has been followed by the Illinois court, People v. Raquena, 105 Ill. App.3d 831, 61 Ill.Dec. 636, 435 N.E.2d 125 (1982), and is hereby adopted by this court. Therefore, we find that § 12-21-203 does not deny appellant equal protection.
 II
Appellant asserts that the trial court erred in admitting into evidence the statement which the victim gave to the police. Although details of a complaint made by the victim in a rape case are generally inadmissible, Biggs v. State,331 So.2d 763 (Ala.Cr.App.), cert. denied, 331 So.2d 765 (Ala. 1976), where the appellant elicits part of the details of a complaint on cross-examination, the State may elicit all of the details on redirect examination. Cox v. State, 280 Ala. 318,193 So.2d 759 (1967); McElroy's Alabama Evidence § 178.01. In this case, the appellant opened the door for the admission of the statement.
 III
Approximately three hours after beginning deliberation, the jury returned to the courtroom with some questions. The trial judge gave supplemental instructions in answer to the questions and the jury returned to their deliberations. Appellant complains that a portion of these supplemental instructions was unduly prejudicial. No objection was made before the jury resumed deliberations; therefore, the issue was not properly preserved for our review. Burton v. State, 380 So.2d 361
(Ala.Cr.App. 1980).
For the reasons stated above, the judgment of conviction by the Montgomery Circuit Court is hereby affirmed.
AFFIRMED.
All the Judges concur. *Page 1165