## WARE v. STATE. (7 Div. 134.)

(Court of Appeals of Alabama. May 25, 1926.)

**1. Criminal law ⟨⟩829(19)—Refusal of requested charge that all jurors must be convinced of defendant's guilt held not error, where oral charge required "each of" jurors to be convinced of guilt.**

Refusal of requested charge, in murder prosecution, that all jurors must be convinced beyond reasonable doubt to convict *held* not error, where oral charge required "each of" jurors to be convinced beyond reasonable doubt of defendant's guilt.

**2. Criminal law ⟨⟩553—Testimony of witness may be disregarded by jury for impeachment of character, contradictions, manner, or other reason entering into weight of testimony.**

Jury may disregard testimony of witness for any legal reason, whether for impeachment of general character, contradictions, manner of giving testimony, or other reasons entering into weight of testimony.

**3. Criminal law ⟨⟩553.**

Jury may not capriciously reject testimony, but must weigh all evidence, and, if irreconcilable, must consider portion worthy of merit.

**4. Criminal law ⟨⟩786(6)—Defendant held entitled to charge that his testimony could not be capriciously rejected after charge by court that there was testimony impeaching his character for veracity.**

Where charge referred to defendant's interest, and stated that there was testimony impeaching defendant's character for veracity, defendant was entitled to charge that his testimony could not be capriciously rejected.

**5. Witnesses ⟨⟩327, 393(3)—Evidence of contradictory statements made by state's witness to coroner's jury and his intoxicated condition at time of homicide is admissible to impeach witness at trial.**

Evidence that state's witness made contradictory statements to coroner's jury investigating the homicide, and that witness was "tanked up" on wild cat whisky at time of homicide, is admissible to impeach witness at trial.

Appeal from Circuit Court, Talladega County; R. B. Carr, Judge.

Luke Ware was convicted of manslaughter in the first degree, and he appeals. Reversed and remanded.

Merrill, Field & Allen, of Anniston, for appellant.

The jury must be unanimous for a conviction before a verdict of guilty can be returned, and an instruction to that effect is correct, and should be given, when not covered by the oral or given charges. Brown v. State, 118 Ala. 111, 23 So. 81; Whittle v. State, 205 Ala. 638, 89 So. 48. If the testimony of defendant be not impeached, the jury has no right to capriciously reject it. 1 May-

field's Dig. 171, 882. Previous statements by a witness before a coroner's jury, at variance with the witness' testimony at the trial, may be shown for the purpose of impeachment. Snoddy v. State, 20 Ala. App. 168, 101 So. 303. The character of the defendant is not properly in issue, unless the defendant offers evidence thereof, except in cases in which the defendant elects to testify, when his character should be limited to truth and veracity. Stone v. State, 208 Ala. 50, 93 So. 706.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

Charges attempting to instruct upon the belief or conviction of each juror are bad. Lakey v. State, 20 Ala. App. 78, 101 So. 537. It is for the jury to decide what weight they will give to testimony of any witness; the requested charge as to defendant's testimony was invasive of the jury's province. McKee v. State, 82 Ala. 32, 2 So. 451. A witness cannot be cross-examined, for impeachment purposes, as to particular parts or extracts of his testimony on preliminary hearing, without allowing him to read or hear the entire deposition. Humber v. State, 19 Ala. App. 451, 99 So. 68. When the accused has testified as a witness, the credibility of his testimony may be impeached, like that of any other witness. One method of impeachment is by showing his general bad character or general reputation for truth and veracity in the neighborhood where he lived. Stone v. State, 208 Ala. 50, 93 So. 706.

SAMFORD, J. The defendant, charged by indictment with murder in the first degree, was on his trial convicted of manslaughter in the first degree, and sentenced to the penitentiary for a term of ten years.

[1] The appellant insists that the court erred to a reversal in refusing to give at the request of defendant in writing this charge:

"The court charges the jury that before you can convict the defendant all of you jurors must be convinced beyond a reasonable doubt that he is guilty."

This is equivalent to saying that the conclusion of the jury must be unanimous before a verdict can be rendered. This charge has many times been held to be good, and the cases cited by the Attorney General are not in point. But it is always doubtful whether the refusal of such a charge would injuriously affect the defendant's rights, especially where the entire oral charge of the court, and many written charges, refer to the jury as a unit and not as individuals. In this case the oral charge goes farther, and in express terms the jury is instructed:

"The defendant is presumed to be innocent until he is proven guilty beyond a reasonable doubt by the evidence in this case. He comes into court clothed with this presumption, and

this presumption follows him throughout the course and proceedings of the trial until the evidence produced by the state convinces you, and each of you, beyond a reasonable doubt of his guilt."

This is a clear, concise, and forceful statement of the law on the subjects, and covers the principle embodied in refused charge 8.

· [2] The defendant testified in his own behalf, and the state offered testimony tending to impeach defendant's character for veracity. At the proper time the defendant requested the court in writing to give this charge:

"The court charges the jury that, if the defendant's testimony has not been impeached, then the jury has no right to capriciously reject his testimony."

[3] This charge was less favorable to the defendant than it might have been. The jury may disregard the testimony of a witness for any legal reason, whether it be on account of impeachment of general character, contradictions, manner of giving testimony, or any other of the reasons entering into the weighing of testimony. Talley v. State, 174 Ala. 101, 57 So. 445. But the jury may not capriciously or captiously reject any legal testimony, but must weigh all the evidence, and, if it is irreconcilable, consider the portion they deem worthy of credit, and make up a verdict from the whole. Bondurant v. State, 125 Ala. 31, 27 So. 775; Mann v. State, 134 Ala. 1, 32 So. 704.

[4] In this case the court in his oral charge directed the attention of the jury to the testimony of the defendant, admonished them that he was the defendant, and as such was interested in the result of the trial, and, in addition, that there was evidence tending to impeach defendant's character for veracity. In view of these things, the defendant was entitled to a charge instructing the jury that defendant's testimony was not to be capriciously rejected in considering their verdict.

· [5] The defendant should have been permitted, on the cross-examination of the state's witness Haynes, to have shown, if he could, that, when Haynes appeared before the coroner's jury on the investigation of this homicide, he testified to one state of facts when first examined, and, on being recalled for a second examination, and then being admonished by one of the jurors that the jury felt like he had not told the whole truth and cautioned to tell the truth, he made a statement different from the one he first made. The evidence in this case discloses that, at the time of this homicide, all of the parties present, including this witness, were "tanked up" on wild cat whisky, which in itself has a tendency to discredit their testimony, and, if it is shown that they had also made different statements about the affair when under oath and testifying before the coroner, such fact would tend further to impeach such testimony as was given on this trial.

The rule applicable to the impeachment of a defendant as a witness is clearly stated in Stone v. State, 208 Ala. 50, 93 So. 706. The trial court followed this rule.

For the errors pointed out, the judgment is reversed and the cause is remanded.

Reversed and remanded.