131 So.2d 428

James TURNER

v.

STATE.

4 Div. 431.

Court of Appeals of Alabama.

May 30, 1961.

H. E. Lane, Enterprise, and Boswell & Smith, Geneva, for appellant.

MacDonald Gallion, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

**CATES, Judge.**

Turner has appealed from a judgment of guilt of carnal knowledge of a girl over twelve years old and under sixteen. The jury fixed the least permitted punishment, two years in the penitentiary.

The tendencies of the prosecution's evidence were sufficient to support the verdict.

Counsel for Turner argue three claims of error: (1) refusal of requested written charge 10; (2) refusal of requested written charge 20; and (3) the overruling of objection to the father of the girl testifying when she was born.

Charge 10 assertedly would go beyond simple assault and assault and battery as lesser offenses embraced by the charge so as to add also an indecent assault on a female. The oral charge stated:

"To constitute an assault there must be an intentional and unlawful offer to touch another in a rude or angry manner so as to create in the mind of the assaulted person a fear of a battery, coupled with an apparent ability to effectuate the attempt if not prevented. Now assault and battery, gentlemen, is the unlawful touching of the person of another by the aggressor himself or by some other substance put in motion by him. It must be done in a rude or angry manner; and every *assault* (sic) includes an assault and battery."[1] (Italics added.)

No exception was taken to the oral charge but this would not be pertinent if indecent assault (if correctly presented in a requested written charge) is a separate crime from assault.

Turner contends charge 10 comes from the opinion in Hutto v. State, 169 Ala. 19, 53 So. 809, 810. The charge reads:

"Gentlemen of the Jury, I charge you that although you may not be satisfied from the evidence that the Defendant had carnal knowledge of [prosecutrix] or abused her in an attempt to carnally know her, that if you are satisfied from the evidence beyond all reasonable doubt that the Defendant took an indecent liberty with the person of [prosecutrix], you may convict him for an assault."

The Hutto opinion says:

" * * * To take an indecent liberty with the person of a female without her consent is to commit an assault at the common law. What would amount to an assault, because done without her consent in the case of a female capable of consent, must be an assault in any case, because a child under the statutory age is deemed to be incapable of consent. Such an act must, in contemplation of law, be considered as having been done without her consent. * * * "

This, we think, makes indecent assault merely one example of assault and battery in general.

Indecency is within the meaning of rudeness. Thus, in State v. Lawrence, 19 Neb. 307, 27 N.W. 126, 129, "rudely and licentiously" in one section was equated with "lewdly and lasciviously" in the following section. In Berkowitz v. Farrell, 19 Ala. App. 196, 95 So. 916, a civil action for assault and battery, Bricken, P. J., treated "rude" and "rough" as synonymous. See also Reeves v. State, 96 Ala. 33, 11 So. 296, 299 ("rude or indecent behavior": "un-

---

1. This last clause is clearly a transposition of the stenographer for "and every assault and battery includes an assault."

See Jacobi v. State, 133 Ala. 1, 32 So. 158.

civil * * * offensive to modesty or delicacy").

Also, charge 10 is incomplete in that it mentions "assault" whereas taking "indecent liberties with the person" contemplates an assault and battery. 4 Am.Jur., Assault and Battery, § 27. We hold that the trial judge was right in refusing this charge.

 The trial judge refused the defendant's requested charge 20 which reads:

"The Court charges you Gentlemen of the Jury if you are reasonably satisfied from the evidence in this case that [the prosecutrix] has been impeached, you may disregard her testimony."

In support thereof appellant cites, without pointing out their application, the following authorities: Hammond v. State, 147 Ala. 79, 41 So. 761; Burkett v. State, 154 Ala. 19, 45 So. 682; Adams v. State, 175 Ala. 8, 57 So. 591; Ware v. State, 21 Ala. App. 407, 108 So. 645.

We cannot put the trial judge in error for the refusal of charge 20 because it neglects a most important aspect of impeachment of a witness, i. e., that the contradiction be upon a material matter. Fancher v. State, 217 Ala. 700, 117 So. 423.

The third contention would, in effect, elevate a birth certificate over the hand and seal of the State Registrar of Vital Statistics to a document falling under the best evidence rule. Code 1940, T. 22, § 42, as amended, provides in part:

"* * * Any such copy of any record in the custody of the state registrar, when properly certified by him, shall be prima facie evidence in all courts and places of the facts therein stated. * * *"

2. He was not asked where she was born; the statute applies only in cases of those born within the State.

3. The effect of this holding was pertinently modified by the 1943 amendment to § 42 by adding: "* * * provided, however, that the county health officer of any county maintaining a full-time registrar

The effect of this section, we consider, is to take a record from the limbo of hearsay and allow it to come in evidence. We find nothing which does away with the common law rule which permits members of the family to testify as to when a baby was born. Goodwin v. State, 1 Ala.App. 136, 56 So. 29. Moreover, here the girl's father testified he was present when she was born.[2]

Black v. State, 24 Ala.App. 433, 136 So. 425, merely points out that the central State record was superior to the county birth record.[3] Nor does Code 1940, T. 7, § 386, supplant the common law on this point.

The judgment below is due to be

Affirmed.

of vital statistics compensated by salary may issue certified copies of any record of birth, still birth or death in his custody upon request, * * *" Act No. 492, July 9, 1943, General Acts 1943, p. 454, at p. 464. Presumably T. 7, § 386, would make such a county certificate admissible.