324 So.2d 327

**Hayes Joseph TOOSON, alias**

**v.**

**STATE.**

**6 Div. 882.**

Court of Criminal Appeals of Alabama.

Oct. 1, 1975.

Rehearing Denied Oct. 21, 1975.

J. Louis Wilkinson, and Charles M. Purvis, Birmingham, for appellant.

William J. Baxley, Atty. Gen., Montgomery, and Quentin Q. Brown, Jr., Asst. Atty. Gen., Birmingham, for the State.

BOOKOUT, Judge.

Appellant, Hayes Tooson, was indicted by a grand jury of Jefferson County for the first degree murder of Bobby Alvin Duke, Jr. Upon his trial, a petit jury found him guilty and fixed his punishment at imprisonment in the penitentiary for life. Judgment and sentence were in accord with the verdict of the jury. Tooson appealed to this Court. There was no motion for a new trial.

Tooson was represented by counsel throughout the proceedings in the trial court, at arraignment, during the trial and at the time sentence was pronounced and judgment entered. He is represented here by court appointed counsel who is the same attorney who represented him below.

At the conclusion of the State's evidence, the appellant moved "to exclude the State's testimony." The motion was overruled.

In considering the question as to whether the trial court correctly overruled the motion to exclude, we can only consider the evidence which was before the trial court at the time the motion to exclude was made. *Livingston v. State,* 44 Ala. App. 559, 216 So.2d 731. And we are required to consider the evidence in its most favorable light for the prosecution. *Womack v. State,* 34 Ala.App. 487, 41 So.2d 429.

The evidence for the State tends to show that Bobby Duke left the house of his parents at 328 Killough Drive in the Huffman section of Birmingham at about 3:00 P. M., July 29, 1974. He was driving a 1973 Chevrolet owned by his father, but used primarily by his younger brother Tim. He was dressed in track clothes and was wearing a red and white visor with the word Alabama on it. He wore a gold chain around his neck and had three rings with him. In the 1973 Chevrolet was a stereo tape player and some 8 track stereo tapes. A shotgun and shells therefor were also in the car. The car keys along with a key to the family home were on a key ring which Tim had made of leather.

Bobby was seen leaving the Huffman High School shortly after 3:00 P. M. He was later seen about 3:40 P. M. at the intersection of the Tarrant-Pinson Highway and Lawson Road, a point which is not far distant from Huffman High School. He was driving the Chevrolet in which he had left home.

Bobby Duke was never seen alive again. The automobile he was driving when last seen was located in Selma, Alabama, on the afternoon of August 2, 1974. It was in the possession of the appellant Hayes Tooson, who abandoned the car while being pursued by police officers and effectuated his escape. At the time the automobile was recovered, it had a Dallas County license tag on it rather than the Jefferson County tag which had been originally issued for it.

The State's evidence further tends to show that on July 29, 1974, the defendant Tooson and his companion, one Pendleton, said that they intended to rob someone and steal a car on that day.

The body of Bobby Duke was found in a wooded area in the vicinity of Lawson Road in Jefferson County on the afternoon of August 3, 1974. It was badly decomposed, but was in such a state that experts who performed an autopsy and experts who worked in connection therewith could express the opinion that death was caused by shots fired from a shotgun. A shotgun wadding was found in the liver and there were many perforations in the small and large intestines. X-Rays of the entire body revealed a total of 490 shotgun pellets, 126 of which were removed from the body. The wound was consistent with the type of wound caused by the firing of a shotgun at a relatively close range, less than 10 feet, but not while in contact with the body.

In view of the facts delineated above, we entertain the view that the trial court correctly overruled the motion to exclude the State's evidence made by appellant's counsel at the conclusion of the State's evidence. *McDowell v. State,* 238 Ala. 101, 189 So. 183. *Sheppard v. State,* 49 Ala. App. 398, 272 So.2d 605. See: *Braggs v. State,* 283 Ala. 570, 219 So.2d 396; *Rikard v. State,* 15 Ala.App. 497, 73 So. 992.

At the conclusion of all the evidence, defendant did not request the general affirmative charge and as we have heretofore indicated, there was no motion for a new trial, hence, we need not burden this opinion with a detailed account of the evidence offered by the defendant which, in essence, was designed to establish an alibi and to account for his possession of the Duke automobile.

I

Nine unnumbered written charges requested by the appellant and refused by the trial court are included in the record. We will refer to them in the order in which they are set out.

The first, fourth, fifth and ninth charges, even if they state correct principles of law, were refused without error in that the principles sought to be enunciated therein were fairly and substantially covered in the oral charge of the court. *Green v. State,* 263 Ala. 324, 82 So.2d 418; *Jackson v. State,* 264 Ala. 528, 88 So.2d 206; *Alexander v. State,* 37 Ala.App. 533, 71 So.2d 520; Code of Alabama 1940, Title 7, § 273. In regard to the fifth charge, we have not overlooked the holding in *Ware v. State,* 21 Ala.App. 407, 108 So. 645, but entertain the view that the holding in *Ware* is not controlling here in view of the trial court's oral charge which is unlike that of the trial court in the *Ware* case. See *Hawkins v. State,* 53 Ala.App. 89, 207 So.2d 813.

The second and sixth charges were refused without error in that they conclude to an acquittal upon an hypothesis which justified that result without the jury's due consideration of all the evidence, but only that offered by the State. *Gautney v. State,* 284 Ala. 82, 222 So.2d 175; *Lee v. State,* 265 Ala. 623, 93 So.2d 757.

The third charge is a "single juror" charge and was refused without error in that the trial court in its oral charge informed the jury that its verdict must be unanimous. *Buckelew v. State,* 48 Ala. App. 411, 265 So.2d 195, cert. denied 288 Ala. 735, 265 So.2d 202; *Fuller v. State,* 43 Ala.App. 632, 198 So.2d 625.

The seventh charge was correctly refused. If not otherwise bad, it would tend to mislead the jury to disregard the interest of the defendant in weighing and considering the evidence. *Hughes v. State,* 213 Ala. 555, 105 So. 664.

The eighth charge was refused without error. It singles out the defend-

ant's testimony, gives undue prominence to it, and is decidedly misleading in the wording used and incorrect as a statement of law. *Horn v. State*, 102 Ala. 144, 15 So. 278; *Sanford v. State*, 2 Ala.App. 81, 57 So. 134.

## II

Witness Bennie Haggins testified as to the transactions occurring between the witness, the appellant and three others on the date of the disappearance of the deceased. He testified as to driving the appellant and the others around Birmingham and letting the appellant out of his auto near the scene where the deceased was last seen alive. The witness stated that he could not remember the conversation the appellant had with him at that time nor could he remember a statement the appellant made to him on getting out of the car. The state claimed surprise and asked to cross-examine Haggins from a prior statement given under oath.

The state established that Haggins had given a sworn statement in the grand jury room on August 12, 1974, about two weeks after the disappearance of Bobby Duke. The statement was given in the presence of Birmingham Police Sergeant E. M. Cousins, District Attorney Earl Morgan, Deputy District Attorney Donald R. Russell, and the District Attorney's investigator Brad Morris. It was transcribed by Court Reporter Bobbie C. Norman. After reading the transcript, the witness still could not remember the substance of the statement the appellant made to him on that occasion, which he had related to officers in his August 12th statement. Although the witness did not have a present recollection of his past statement, he did state that he was under oath at the time he made the statement and that he had testified truthfully.

Mrs. Bobbie Norman was then called as a witness and testified that she was the court reporter that transcribed the testimony of Haggins in the grand jury room on

August 12. She verified the transcript as being a true and correct statement of the testimony given under oath by Haggins at that time.

After objection and considerable argument by defense counsel, the trial court reviewed the transcript and allowed the prosecutor to read it into the record, in pertinent part. The transcript shows that the August 12th testimony greatly differed from the witness's present recollection during the trial on November 12 and 13, 1974. On August 12th, Haggins had stated that the appellant and one Eugene Pendleton were in appellant's automobile on July 29, with three other companions. Further, appellant and Pendleton were trying to locate a car to steal and Haggins was driving them around the eastern section of Birmingham for that purpose. They were unable to steal a car at each location at which they stopped and finally the appellant and Pendleton got out of Haggins' car at Jim Skinner Ford Company in Roebuck. The appellant then told Haggins that he and Pendleton were going to attempt to steal a car at Jim Skinner Ford but if they were unable to, they were going to the adjoining shopping center and rob someone and take their car. This was in the area where Bobby Duke was last seen alive and just shortly before his disappearance.

The appellant argues that allowing the prior transcribed statement of the witness to be read into evidence was an improper application of the evidentiary rule concerning the use of a past recollection recorded.

The Supreme Court of Alabama in *Acklen's Executor v. Hickman*, 63 Ala. 494, 35 Am.Rep. 54 (1879) set out on page 498, the proper procedure to be followed in admitting such memoranda. The court stated that there were two conditions under which a witness may consult memoranda in aid of his recollection:

"First, when, after examining a memorandum made by himself, *or known and recognized by him as stating the facts truly*, his memory is thereby so refreshed

that he can testify, as matter of independent recollection, to facts pertinent to the issue. . . . In cases falling within this class, the memorandum is not thereby made evidence in the cause, and its contents are not made known to the jury, unless opposing counsel call out the same on cross-examination."

\* \* \* \* \* \*

"In the second class are embraced cases in which the witness, after examining the memorandum, can not testify to an existing knowledge of the fact, independent of the memorandum . . . If, however, the witness go further, and testify that, at or about the time the memorandum was made, he knew its contents, and knew them to be true, this legalizes and lets in both the testimony of the witness and the memorandum. . . ." (Emphasis supplied.)

In *Parsons v. State*, 251 Ala. 467, 38 So. 2d 209 (1948) the Alabama Supreme Court cited *Acklen's Executor* as authority for admitting a memorandum into evidence as a past recollection recorded, stating:

". . . It is admissible when after consulting it, she still does not remember the facts, but that she wrote the memorandum at the time of the occurrence, and knew it was correct when she wrote it. . . ."

*Byars v. James*, 208 Ala. 390, 94 So. 536 (1922), held that:

". . . where a witness has no independent recollection after his reference to the memorandum, but testifies merely from his knowledge of the accuracy of the paper or entry when it was made, in such event the memorandum or paper may be read in evidence as auxiliary to the witness' testimony, or as a statement of fact adopted by him and testified as being true and correct when made. . . ."

The Alabama Supreme Court, in *Sovereign Camp, W.O.W. v. Screws*, 218 Ala. 599, 119 So. 644 (1928) reaffirmed the rule

enunciated in the *Acklen* case. The Alabama Court of Appeals, in *Franklin v. State*, 38 Ala.App. 274, 82 So.2d 316 (1955) stated in part:

"The witnesses, having looked at the memorandums and still having no independent recollection of the facts contained therein, testified that the lists were true and correct at the time they were made. The memorandums were therefore admissible in evidence. . . ."

In 1892, in *Thompson v. State*, 99 Ala. 173, 13 So. 753, the Alabama Supreme Court approved the use of a witness's testimony before the grand jury to refresh his recollection during the course of his testimony in the trial, stating:

"And a party may, for the purpose of refreshing the memory of his own witness, when put to a disadvantage by an unexpected answer, or when the witness fails to answer as was expected of him, ask him if he had not, at a certain time and place, made certain statements, even if they are inconsistent with his testimony just given . . . There was no error in allowing the witness to be refreshed in his memory in the manner objected to. . . ."

The *Thompson* case cited *Acklen* as authority. Although that case approved the use of grand jury testimony to refresh the witness's memory, it is clear to us pursuant to the second category set out in *Acklen*, supra, the grand jury testimony of the witness could be read in evidence if the witness testified that he had no present recollection thereof but that such testimony represented a truthful statement at the time given. Likewise, the above-quoted portion of *Thompson* clearly approves the use of such memoranda on direct examination of a party's own witness, and does not limit its use to cross-examination.

■ The appellant contends that memoranda of a past recollection recorded must be limited to memoranda or records personally made by the witness. In a majority of the cases reported, the memoranda

used, as a matter of fact, were personally made or written by the witness. However, the cases do not limit the use of such memoranda to only that personally written by the witness. Indeed, the emphasized portion of the *Acklen* case, hereinabove quoted, is to the effect that the witness need not himself be the writer. The assertion of the witness testifying to the correctness is generally all that is needed and it is immaterial whether or not the witness was the person who actually wrote the memorandum or record. 3 Wigmore, Evidence, Section 748 (See Alabama cases footnoted thereunder.)

■ In the instant case, where the state was, "put to a disadvantage by an unexpected answer," from its witness Haggins; and, where Haggins testified that he had given the statement under oath; and, where the court reporter verified Haggins' statement given under oath; and, where Haggins, after reading his statement, stated that he had no present recollection of the facts in such statement but that he told the truth at the time he gave the statement, it is our opinion that the trial court was not in error for allowing to be read into the record those portions thereof concerning statements made to him by the defendant which he failed to recollect during his testimony in the trial.

■ Finally, we consider appellant's contentions concerning the closing argument of the prosecutor. The appellant argues in his brief the gist of five objections made to the state's closing argument. Four of those objections, argued in brief, were properly sustained by the trial court. Such rulings, not being adverse to the appellant, present nothing for our review. The appellant's remaining argument goes to the following:

"Mr. Johnson: They hear all of our testimony, and then they testify.

"Mr. Wilkinson: We object to the context of this, same charge.

"The Court: Overrule.

"Mr. Wilkinson: Except."

■ The defense made no motion to exclude, neither did it request that the judge instruct the jury to disregard the statement. It is only when the District Attorney's argument goes to a substantive outside fact, stated as a fact, and which manifestly bears on a material inquiry before the jury, that a trial court should interfere and arrest such argument. *Barnett v. State*, 52 Ala.App. 260, 291 So.2d 353 (1974).

In *Bullard v. State*, 40 Ala.App. 641, 120 So.2d 580, (1960), the Court of Appeals stated:

"Of necessity a wide discretion must be allowed the trial judge in regulating the argument of counsel. Trials are adversary in nature. Vigorous prosecution and defense is to be expected. Neither defense counsel nor the prosecutor should be too closely hampered by niceties of speech if he is to be effective, but should be permitted to say his say in his own style. This of course does not mean that unfair and prejudicial argument is to be condoned for one instant. All argument of counsel is to be measured in the background and atmosphere of courtrooms."

■ We are of the opinion that the statement in question would have no prejudicial effect upon the jury. The Alabama Supreme Court said in *Arant v. State*, 232 Ala. 275, 167 So. 540 (1936): "Such statements are usually valued by the jury at their true worth . . . and not expected to become factors in the formulation of their verdict." We find no prejudicial error in the rulings of the trial judge on those portions of the state's closing argument to which the defense made objection. *Nichols v. State*, 267 Ala. 217, 100 So.2d 750 (1958); *Espey v. State*, 270 Ala. 669, 120 So.2d 904 (1960).

Affirmed.

All the Judges concur.