Possession of marijuana; sentence: fifteen years' imprisonment.
At the conclusion of the State's case, the appellant moved to exclude the evidence for failure to prove actual or constructive possession of marijuana or cocaine. The appellant contends the trial court committed reversible error in denying the motion. We agree.
On March 5, 1979, Mobile Police Officer Sammy Brown and two other officers of the Mobile narcotics division executed a search warrant at 3655 Old Shell Road, Apt. 408. While Officer Brown stationed himself at the rear entrance, the other two officers knocked on the front door and were admitted into the apartment by the appellant who was "standing in the foyer." *Page 149 
When the search began, the appellant was instructed to sit down and remain seated. Officer Brown searched the downstairs kitchen and den area in the rear of the apartment and discovered a small plastic sandwich bag containing a miniscule amount of loose marijuana and two hand-rolled marijuana cigarette butts. Subsequently, he searched the appellant but found no marijuana or cocaine on the appellant's person.
When the other two officers went upstairs to search the second floor of the apartment, a woman identified as "Mrs. Crane" was discovered asleep in the front bedroom. She was sent downstairs to be seated with appellant. The officers discovered in that upstairs bedroom a large garbage bag filled with approximately seventeen pounds of marijuana. It was located underneath some men's and women's clothing in a walk-in closet. From the top of the bedroom dresser, they seized a small black and white jewelry box containing not only ladies' jewelry but also a small metal tube, a razor blade, and a red and white plastic straw. A subsequent analysis of this paraphernalia showed minute traces of cocaine. Also in the upstairs area the officers found a set of scales bearing marijuana residue.
The State brought the appellant to trial on a two-count indictment alleging unlawful possession of marijuana and unlawful possession of cocaine. The jury found the appellant guilty of unlawful possession of marijuana.
To authorize the submission of a criminal case to a jury, the State must present substantial evidence tending to prove eachelement of the offense. In a case where the defendant is charged with "unlawful possession of marijuana," the State must necessarily prove that the defendant "possessed" the illegal substance. Roberts v. State, Ala.Cr.App., 349 So.2d 89, cert. denied, Ala., 349 So.2d 94 (1977). The oft-quoted case of Radkev. State, 52 Ala. App. 397, 293 So.2d 312, affirmed, 292 Ala. 290, 293 So.2d 314 (1974), describes this element as follows: "Possession — the visible possibility of exercising physical control over personalty — is usually divided as actual (manucaptive) or constructive. Possession has three attributes: (1) actual or potential physical control, (2) intention to exercise dominion and (3) external manifestations of intent and control."
It is obvious from the facts in this case that the appellant was not in actual possession of the contraband. Therefore, in order to sustain the verdict, the State had to prove that the appellant was in constructive possession of the marijuana.
Constructive possession may be determined by weighing facts tending to support a defendant's necessary control over the substances against facts which demonstrate a lack of dominion and control. Roberts, supra. Where contraband is seized within a residence, as it was here, constructive possession can only arise "where the prohibited material is found on the premisesowned or controlled by the appellant." (Emphasis added.)Williams v. State, Ala.Cr.App., 340 So.2d 1144, cert. denied, Ala., 340 So.2d 1149 (1976).
The State offered no proof before the jury that the appellant owned or controlled the apartment where the contraband was found. No attempt was made to ascertain the name of the person in whose bedroom the marijuana was found or the names of the persons to whom the clothes in the bedroom belonged. No evidence whatsoever was presented to the jury which would indicate that the appellant had any knowledge of or connection with the marijuana found by the police.
In McCord v. State, Ala.Cr.App., 373 So.2d 1242 (1979), constructive possession was proved by an officer testifying that: (1) he knew of his own personal knowledge that the accused resided at the residence, (2) he saw letters in the house addressed to the accused at that address, and (3) he observed the accused dress with clothes from the closet in the bedroom where the contraband was found. On the other hand, this court found that the fact that the accused's wife was present in the bedroom would have no bearing on the issue of the accused's constructive possession. *Page 150 
In Cook v. State, Ala.Cr.App., 341 So.2d 183 (1977), we found the State failed to prove constructive possession. In that case we said, at 184:
 "The State offered no proof that the appellant owned, leased, or lived in the residence where the contraband was found. Although the residence had been under surveillance for approximately two weeks prior to the search, no one testified that the appellant or his family were ever at the residence other than the afternoon of the search. There was no testimony that the appellant had any knowledge of or connection with the contraband found by the police.
 "For aught that appears in the transcript of evidence, the appellant and his family could have entered the residence for the first time immediately prior to the search. They may have been there on a social visit. Their actual status on the premises is left to speculation and conjecture. Mere presence in a place where contraband is found is not equivalent to constructive possession. . . ." (Citations omitted.)
In Williams, supra, we found the State failed to prove constructive possession where the evidence did not show the defendant owned or controlled the apartment searched. He was found in the apartment with a female companion. His shirttail was outside his pants, he had a "rumpled" appearance, and he was not wearing shoes. Contraband was found hidden in a back bedroom. Before leaving with the police, Williams got his shoes and a jacket from the same bedroom. The shoes were on the floor near the bed and the jacket was lying on some clothing on a chair or couch. Items of men's clothing were found in the room, but the police could not determine ownership.
In the instant case the evidence presented in the presence ofthe jury only places the appellant in the foyer of the apartment searched and places a female identified as "Mrs. Crane" in bed in an upstairs bedroom. A bag of marijuana was found hidden under some clothing in a closet in that bedroom. Downstairs, no marijuana was found on the appellant, but a small amount was found in another part of the downstairs area.
The State's evidence before the jury does not show (1) who owned or leased the apartment, (2) how long the appellant had been there or if he had ever been there before the incident in question, or (3) whether the appellant was aware of the presence of the marijuana. Likewise, there was no evidence of letters or bills observed in the apartment addressed to the appellant at that address. Therefore, at the end of the State's case in chief, when the appellant made his motion to exclude the evidence, there was no evidence presented in the presence of the jury which would support a charge of constructive possession of marijuana.
The State was apparently under the impression that evidencesubmitted outside the presence of the jury during suppression hearings had proved the element of possession, dominion or control over the premises; however, such evidence will not suffice. Neither will evidence presented after the motion to exclude has been made and overruled. In Williams, supra at 1145, we stated:
 "Testimony given after the State had rested its case and the motion to exclude had been presented, cannot be used to support the verdict of the jury. In considering the question as to whether the trial court correctly overruled the motion to exclude, we can only consider the evidence which was before the trial court at the time the motion to exclude was made. Livingston v. State, 44 Ala. App. 559, 216 So.2d 731 (1968); Tooson v. State, 56 Ala. App. 613, 324 So.2d 327 (1975), cert. denied, 295 Ala. 426, 324 So.2d 333. . . ."
(Footnote omitted.)
In reviewing the sufficiency of the evidence on a motion to exclude the evidence, we can only look to the evidence which was presented to the jury at trial. McCord, supra. We are also limited to the evidence presented at the time the motion is made. Frye v. State, Ala.Cr.App., *Page 151 369 So.2d 892 (1979); Kent v. State, Ala.Cr.App., 367 So.2d 508, cert. denied, Ala., 367 So.2d 518 (1978); Peoples v. State,56 Ala. App. 290, 321 So.2d 257 (1975). We therefore find that the trial court erred in denying the appellant's timely and well grounded motion to exclude the State's evidence.
REVERSED AND REMANDED.
All the Judges concur.