JOHNSTONE, Justice
(dissenting).
I respectfully dissent from the scholarly main opinion. I disagree in both the appeal and the cross-appeal.
D & F has cross-appealed the decision of the trial court allowing H.H.B. to inter *122 vene. This ruling is critical in that H.H.B. is the only party which appealed the zoning decision by the trial court in favor of D & F. The City of Mobile did not appeal the zoning decision. Were this Court to reverse the ruling allowing H.H.B. to intervene, this Court would necessarily also dismiss the only appeal of the zoning decision in favor of D & F.
I respectfully submit that this Court should reverse the intervention ruling. The motion of H.H.B. was untimely and the excuse for untimeliness too insubstantial to fit within the parameters of the discretion of the trial court to allow intervention.
H.H.B., having successfully intervened, has appealed the zoning decision of the trial court in favor of D & F. I respectfully submit that we should affirm the zoning decision.
Section IX.A.l.b. of the Zoning Ordinance of the City of Mobile allows zoning amendments like the one sought by D & F if “[c]hanged or changing conditions in a particular area, or in the planning region generally, make a change in the ordinance necessary and desirable.” In essence, the trial court, upon evidence ore terms, found that the conditions in the particular area at issue in this case had changed to such an extent and in such a way that the application of the existing B-l classification, as distinguished from the proposed B-2 classification, to the D & F property would no longer bear a substantial relationship to the health, safety, morals, or general welfare of the City, that no fairly debatable rationale supported the denial of the zoning amendment, and that, therefore, the denial constituted an impermissible arbitrary and capricious act by the City. The record contains superabundant evidence to support this finding.
The nature and extent of change in the particular area is a factual issue to be decided by the fact-finder. Fact-findings based on evidence ore terms are not to “‘be disturbed on appeal unless they are palpably wrong, manifestly unjust, or without supporting evidence.’ ” Samek v. Sanders, 788 So.2d 872, 876 (Ala.2000) (quoting McCoy v. McCoy, 549 So.2d 53, 57 (Ala.1989)). The correctness of the fact-findings by the trial court in the case now before us is buttressed by the prior six-to-two vote of the planning commission in favor of recommending adoption of the zoning amendment sought by D & F and the four-to-three vote (albeit legally insufficient) of the city council in favor of adopting the amendment. Because the record supports a factual basis sufficient to support the legal conclusions by the trial court necessary to its judgment granting zoning relief to D & F, that judgment should be affirmed.