On Application for Rehearing

SEE, Justice.
On January 9, 2004, this Court issued an opinion on original submission in this case. On April 29, 2004, while this matter was before us on an application for a rehearing, we withdrew that opinion by order of this Court.
In this workers’ compensation case, Michael Williams petitioned this Court for certiorari review of the Court of Civil Appeals’ judgment reversing the trial court’s *926 judgment apportioning two settlements with third-party tortfeasors in satisfaction of the subrogation interest of Skilstaf, Inc. The Court of Civil Appeals held that the trial court had failed to properly apportion the settlements to account for Skilstafs subrogation interest in that portion of the settlements properly attributable to Williams’s future medical expenses. Skilstaf, Inc. v. Williams, 895 So.2d 916 (Ala.Civ.App.2002).[1] We granted Williams’s petition; we affirm the judgment of the Court of Civil Appeals reversing the trial court’s judgment and remanding the case.
Michael Williams was employed by Skil-staf, a company that supplies workers to other companies. On April 23, 1997, an overhead scaffold fell on Williams while he was working at the Chandeleur Homes mobile-home assembly plant in Marshall County. The scaffold injured Williams’s spine, resulting in paraplegia. Skilstaf paid all of Williams’s medical expenses and also paid Williams temporary total-disability payments.
On November 10, 1997, Williams sued eight named defendants and various fictitiously named defendants who had designed, constructed, and installed the scaffolding. Skilstaf moved to intervene in Williams’s action. The trial court permitted Skilstaf to intervene conditionally; it did not permit Skilstaf to participate actively in the matter before or during the trial, but it did order that Skilstaf would share in any judgment or settlement up to the limits of its subrogated interest.[2]
In March 1999, before the resolution of his claims against the third-party tortfea-sors, Williams sued Skilstaf, seeking workers’ compensation benefits. Skilstaf admitted in its answer to the complaint in the workers’ compensation action that Williams was employed by Skilstaf at the time of his injury, that his injury arose from his work, that Skilstaf had had timely notice of the injury, and that Williams is now a paraplegic as a result of the accident. The trial court consolidated the two cases and treated its orders in Williams’s initial action against the third-party tort-feasors as applicable to the workers’ compensation action.
After mediation, Williams reached a pro tanto settlement with seven of the eight named defendants in his original action in the amount of $1,000,000. The settlement agreement states:
“Given [Williams’s] significant permanent physical impairment, disfigurement, loss of earnings, loss of earning capacity, past medical expenses, physical pain and suffering, mental anguish and loss of enjoyment of life, the parties hereto hereby stipulate and agree that no portion of this settlement should be considered recovery for future medical or vocational expenses.”
Williams moved for a hearing on Skilstafs subrogation rights in regard to the settlement. Testimony at the hearing indicated that Skilstaf had already paid Williams $428,486.36 — $21,870.50 in temporary total-disability benefits and $406,615.86 in medical expenses. The claims adjuster for Risk Reduction Services, the third-party administrator for Skilstafs workers’ compensation claims, testified at the hearing that Risk Reduction estimated Williams’s future medical expenses would total *927 $542,000. Williams’s counsel testified at the hearing that the parties to the mediation that resulted in the settlement intended that none of the $1,000,000 settlement would be attributable to future medical expenses because “there’s just simply not enough there to go around [a]nd ... every element of his damages unfortunately [was] discounted. Severely.”
The trial court awarded Skilstaf $428,-486.36 [3] in subrogation for the disability benefits and medical expenses it already had paid. The trial court reserved judgment on future disability benefits pending a trial in the workers’ compensation case. The trial court also determined that
“[t]he pro tanto settlement and release in this case is clear and unambiguous in its terms as to what damages the proceeds were intended to include and exclude. [The agreement states] that no portion of [the] settlement should be considered recovery for future medical or vocational expenses.”
The trial court ordered that none of the settlement would be applicable to future medical or vocational expenses.
In December 2000, after further mediation, Williams settled with the remaining named defendant in the original action for $650,000. The mediator’s letter, outlining the terms of the settlement, stated: “Given the severity of the injury and the disputed liability, no allocation is being made in connection with the $650,000 settlement set out above for future vocational or medical benefits which may become due under the Workers’ Compensation Act.”
Williams moved the trial court to conduct a hearing as to Skilstaf s subrogation rights with respect to the second settlement. After a hearing, the trial court found that no part of that settlement was attributable to Williams’s future medical or vocational costs and that Skilstaf had no subrogation rights in the second settlement. The trial court subsequently dismissed the action as to all defendants.
Skilstaf appealed both in the workers’ compensation case (case no. 2001172) and in the action seeking damages for his injuries from third-party tortfeasors (case no. 2001250). The Court of Civil Appeals dismissed Skilstafs appeal in the workers’ compensation case, noting that the case had not yet been tried and that Skilstaf was attempting to appeal from a nonfinal order. As to the original action, the Court of Civil Appeals held the “trial court’s determination that ‘no portion’ of the settlement agreement was attributable to future medical expenses is not supported by the facts or the law applicable to this case.” Skilstaf, Inc., 895 So.2d at 921. The Court of Civil Appeals reversed the trial court’s judgment and remanded the case for the trial court to reapportion the settlement. Id. Williams sought certiora-ri review of only the Court of Civil Appeals’ reversal of the trial court’s judgment in his action against the third-party tort-feasors. We affirm the judgment of the Court of Civil Appeals.
The standard of review of the trial court’s apportionment of the settlements in this case is to determine whether the trial court exceeded its discretion.[4] Section 25- *928 5-ll(a), Ala.Code 1975, authorizes an injured employee to bring an action for damages against a third-party tortfeasor while concurrently maintaining an action against his or her employer for workers’ compensation benefits.[5] Section 25 — 5—11(a), Ala. Code 1975, also gives the employer a sub-rogation interest in any settlement or judgment obtained by the worker against the third-party tortfeasor. The Court of Civil Appeals held in this case
“that because [Williams] recovered for his on-the-job injury from third-party tortfeasors and the evidence indicated that the worker will have future medical expenses, a portion of the recovery must, by operation of law, be attributed to future medical expenses....
“The trial court’s determination that ‘no portion’ of the settlement agreement was attributable to future medical expenses is not supported by the facts or the law applicable to this case.”
Skilstaf, Inc., 895 So.2d at 921.
Testimony at both hearings held on Skil-staf s subrogation rights as to the settlements indicated that, despite the fact that Williams’s injuries were extensive, the amount offered for settlement by the third-party tortfeasors was so small that Williams’s future medical expenses were simply ignored in order to work out a settlement. The settlement agreements themselves make this point. The first settlement agreement states:
“Given [Williams’s] significant permanent physical impairment, disfigurement, loss of earnings, loss of earning capacity, past medical expenses, physical pain and suffering, mental anguish and loss of enjoyment of life, the parties hereto hereby stipulate and agree that no portion of this settlement should be considered recovery for future medical or vocational expenses.”
The second settlement agreement contains similar language.
The Court of Civil Appeals held that the trial court exceeded its discretion when it determined that Williams could release the third-party tortfeasors from liability for future expenses and bind the workers’ compensation provider to pay all those future expenses associated with his injury. Skilstaf, Inc., 895 So.2d at 921. In Ex parte BE & K Construction Co., 728 So.2d 621 (Ala.1998), we stated that “the amount of [an employee’s recovery from a third-party tortfeasor] attributable to the employee’s medical or vocational expenses should be exhausted before the employer or its workers’ compensation insurer is obligated to resume payment of those expenses.” 728 So.2d at 624.
This Court granted certiorari review in BE & K to determine “whether an employer is statutorily entitled to subrogation to recover medical-benefits payments it has made and those it will be obligated to make in the future, or whether the employer’s right of subrogation applies only to amounts already paid.” 728 So.2d at 622. Section 25-5-11(a), Ala.Code 1975, provides: “For purposes of this amendato-ry act, the employer shall be entitled to subrogation for medical and vocational benefits expended by the employer on behalf of the employee.... ” We held in BE & K that an employer is entitled to recover its future medical and vocational expenses from any settlement reached between the employee and third-party tortfeasors, and we said:
“We conclude that the Legislature intended [in enacting § 25-5-11(a), Ala. *929 Code 1975] that in situations where the injured employee recovers from a third-party tortfeasor, the amount of that recovery attributable to the employee’s medical or vocational expenses should be exhausted before the employer or its workers’ compensation insurer is obligated to resume payment of those expenses. In reaching this conclusion, we recognize that when a workers’ compensation claimant has also filed a third-party action, the parties in the third-party action should make a concerted effort to ensure that any recovery, whether by settlement or by trial, is fairly apportioned so as to designate how much of the recovery is attributable to medical (and vocational) expenses, both past and future....
“We reverse the judgment of the Court of Civil Appeals and remand this cause to that Court with instructions to have the trial court conduct a hearing to determine, using equitable principles applicable to subrogation rights, which part of [the] settlement is attributable to his medical expenses.... ”
BE & K, 728 So.2d at 624. In BE & K, this Court defined what it meant by “equitable principles applicable to subrogation rights”:
“ ‘The entire law of subrogation, conventional or legal, is based upon equitable principles. The equitable considerations that are the underpinnings of subrogation are (1) that the insured should not recover twice for a single injury, and (2) that the insurer should be reimbursed for payments it made that, in fairness, should be [made] by the wrongdoer.’ ”
728 So.2d at 624 (quoting Powell v. Blue Cross & Blue Shield, 581 So.2d 772, 774 (Ala.1990)); quoted with approval in American Economy Ins. Co. v. Thompson, 643 So.2d 1350, 1352 (Ala.1994).
The Court of Civil Appeals’ decision in this case is consistent with our holding in BE & K. Where the evidence indicates that the employee will incur future medical and vocational expenses, the trial court must determine the portion of the settlement or judgment that is reasonably attributable to those future medical and vocational expenses. A settlement will reflect an adjustment for the likelihood of success at trial and the ability of the third-party tort-feasors to pay, and, thus, may not allow a full recovery of all damages; therefore, the trial court should assign to the future medical and vocational expenses the portion of the settlement in the action against the third-party tortfeasors that those expenses reasonably represent. Because that did not happen in this case, we affirm the judgment of the Court of Civil Appeals reversing the trial court’s judgment and remanding this case for that court to reapportion the settlements.
AFFIRMED; APPLICATION OVERRULED.
BROWN, HARWOOD, and STUART, JJ., concur.
NABERS, C.J., concurs specially.
HOUSTON, LYONS, JOHNSTONE, and WOODALL, JJ., dissent.

. The Court of Civil Appeals consolidated two appeals, no. 2001172 and no. 2001250, in one opinion. It dismissed the appeal as to case no. 2001172, and Skilstaf did not seek review of that dismissal.

. Section 25-5-11(a), Ala.Code 1975, gives the employer a subrogation interest in any settlement or judgment a worker obtains against a third-party tortfeasor.

. Skilstaf was responsible for paying an attorney fee of 40% out of the amount awarded.

. To the extent the apportionment is based on ore tenus evidence, review of a trial court’s apportionment is subject to the ore tenus rule. See Marvin’s, Inc. v. Robertson, 608 So.2d 391, 393 (Ala.1992) ("The judgment of a trial court based on ore tenus evidence is presumed correct, and its findings ‘will not be disturbed on appeal unless they are palpably wrong, manifestly unjust, or without supporting evidence.’ ”)(quoting McCoy v. McCoy, 549 So.2d 53, 57 (Ala.1989)).

. Section. 25-5-ll(d), Ala.Code 1975, also allows the employer to initiate an action against the alleged tortfeasor within six months after the statutory limitations period has run if the employee has not filed such an action.